# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6265 | **DATE** | 9/22/2011 |
| **CASE TITLE** | Dominick Jakes (#2011-0523156) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $15.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to (1) show cause why this suit should not be dismissed for failure to exhaust administrative remedies, and (2) if he can sufficiently show cause, to submit an amended complaint (plus a judge's copy and service copies). Failure to adequately show cause why this suit should not be dismissed for failure to exhaust administrative remedies and submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on August 16, 2011, he slipped and fell in his cell when the power went out, and he couldn't see. He alleges that he told Correctional Officer Slaughter that he needed to see a nurse because he was in pain due to the fall, but that Slaughter told Plaintiff that he was busy running inmates to court and would come back later. Plaintiff further alleges that because Slaughter never returned, Plaintiff had to wait until the following shift to see a nurse. When Plaintiff told Correctional Officer Franklin about the incident, Franklin accused Plaintiff of lying to pursue a lawsuit. Plaintiff alleges that he saw a nurse and received pain medication and an ice pack, then was sent to Cermak Health Services where received pain medication and an X-ray. Plaintiff sues Sheriff Tom Dart in his supervisory capacity.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $15.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit; thus, a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. See *Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); see also *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. See *Porter*, 534 U.S. at 524-25.

## STATEMENT

While failure to exhaust is ordinarily an affirmative defense, in this case it appears on the face of the complaint that Plaintiff could not have exhausted his administrative remedies prior to filing suit. Plaintiff pleads that the incident underlying his complaint occurred on August 16, 2011. [See 1, at 4.] Plaintiff's i.f.p. application was certified on August 29, 2011, and the complaint is date stamped September 8, 2011, less than one month after the alleged incident. [*Id.*; see also 3, at 3.] "[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). While it appears clear on the face of the complaint that Plaintiff filed his complaint prior to exhausting his administrative remedies as required, the Court will give Plaintiff the opportunity to establish exhaustion prior to dismissing his complaint. Plaintiff is ordered to show cause within thirty days of the date of this order why this case should not be dismissed for failure to exhaust administrative remedies prior to filing suit.

Additionally, Plaintiff has failed to satisfactorily plead a claim for deliberate indifference to a serious medical condition. "[A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need." *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). For liability to exist the medical need must be objectively serious and the prison officer's reaction must have amounted to deliberate indifference, *i.e.* a conscious disregard of a known serious risk of harm. *Langston*, 100 F.3d at 1241. In *Langston*, an inmate who had been raped was delayed one hour before getting medical attention. The Seventh Circuit held that such a delay was not unreasonably long, noting that the court had previously found a delay of two hours for an x-ray and examination for a broken bone not unreasonable. *Langston*, 100 F.3d at 1241 (citing *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). Plaintiff has not made clear that his injury was objectively serious, and the delay in medical treatment pled by Plaintiff was a matter of hours, much like that described in *Langston* and *Murphy*. Consequently, Plaintiff fails to state a claim.

Because it appears that Plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. 1997e(A) prior to filing suit, the Court dismisses Plaintiff's complaint without prejudice. Should Plaintiff wish to proceed, he must both (1) show cause why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit and (2) submit an acceptable amended complaint.

The Clerk is directed to send Plaintiff an amended complaint form and instructions. If Plaintiff fails to (1) adequately show cause why this case should not be dismissed for failure to exhaust administrative remedies and (2) submit an acceptable amended complaint stating actionable claims against suable Defendants within 30 days, this case will not proceed.

# STATEMENT