Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6265 | **DATE** | 12/12/11 |
| **CASE TITLE** | Dominick Jakes (#2011-0523156) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [6] is dismissed without prejudice. Plaintiff is granted thirty days in which to submit a second amended complaint (plus a copy for the Court and service copies). Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[ For further details see text below.]            Docketing to mail notices.

## STATEMENT

    Plaintiff Dominick Jakes has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff appears to be alleging violations of his Eighth Amendment rights for deliberate indifference to a serious medical condition and for being subjected to unconstitutional conditions of confinement.

    By minute order of September 22, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis*, but ordered him to show cause as to why his complaint should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. The Court also dismissed Plaintiff's complaint and allowed him to amend within thirty days. Plaintiff's amended complaint is still unacceptable.

    Plaintiff seems to have combined his attempts to show cause as to why his complaint should not be dismissed with his proposed amended complaint. The resulting pleading satisfies neither goal of establishing exhaustion prior to filing suit as required by 42 U.S.C. § 1997, nor adequately stating a claim upon which relief can be granted. However, to the extent that exhaustion of administrative remedies is an affirmative defense, and as Plaintiff represents in his amended complaint that he did avail himself of the grievance system yet received no response to the grievances filed, the Court finds that the issue of exhaustion would be more appropriately raised by Defendants should Plaintiff submit an acceptable second amended complaint requiring response from Defendants.

    With respect to Plaintiff's substantive claims, Plaintiff must submit a second amended complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to contain: (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the plaintiff's basic claims, and (3) a demand for the relief sought. The amended complaint on file is not in compliance with the federal pleading requirements established under FED. R. CIV. P. 8(a). Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Alleging specific facts is not required. See *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide

| STATEMENT |
|---|

"some indication * * * of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004).

In short, Plaintiff must submit a proposed second amended complaint that makes Defendants aware of why Plaintiff believes they have violated his constitutional rights and when they did so. To the extent Plaintiff is alleging deliberate indifference to a serious medical condition, "[A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need." *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). For liability to exist the medical need must be objectively serious and the prison officer's reaction must have amounted to deliberate indifference, *i.e.* a conscious disregard of a known serious risk of harm. *Langston*, 100 F.3d at 1241. So, Plaintiff should tell the Court and Defendants how he was injured, and what Defendants did or did not do that led to that injury.

To the extent Plaintiff is complaining about his conditions of confinement, he must be able to demonstrate that Defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities." *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In his proposed second amended complaint, Plaintiff must adequately set forth allegations regarding conditions that amount to a denial of basic human needs or the minimal civilized measure of life's necessities in order to state a claim. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), inmates are entitled to be provided with adequate food, light, bedding, hygiene materials, and sanitation. *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir.2009); *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir.2006).

For the foregoing reasons, the Court dismisses Plaintiff's amended complaint without prejudice. Plaintiff is granted thirty days in which to submit a second amended complaint on the Court's amended civil rights complaint form, assuming he can articulate a viable claim. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Clerk of Court. As with every document filed with the Court, Plaintiff must provide an extra copy for the Court; he must also submit a service copy for each Defendant named in the second amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the second amended complaint, without reference to the prior pleadings. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not choose to pursue his claims in federal court